*Dunlap, for appellant.*

*Bradley, for appellee.*

---

JAS. WEIR *v.* LOGAN RAILEY.

**Insurance—Enlargement of Objects of Company—Liability of Stockholders.**

Where the objects of an insurance company have been enlarged by a majority vote of the directors and stockholders, the non-consenting

stockholders cannot be held to the increased liability under the enlarged objects and operation of the company.

### Corporations—Amendment or Repeal of Charter.

The right reserved by the law making power to amend or repeal a charter, is for the protection of the interests of the state, enabling the Legislature to place such restrictions upon the company as to prevent injury to the public, and if necessary, to repeal the act itself; but where new franchises are created by amendment, and additional and increased obligations are created it is a virtual dissolution of the original contract, so far as it affects those who are not consenting and who have never ratified it.

### Insurance—Liability of Stockholders.

A stockholder of an insurance company is not released from liability on his stock for claims of creditors of the company which accrued prior to the change in the object and name of the company by a vote of the majority of the directors and stockholders.

APPEAL FROM LOUISVILLE CHANCERY COURT.

December 19, 1873.

Opinion by Judge Pryor:

In January, 1866, the American Horse Insurance Company was organized, under a charter authorizing that company to take risks by way of insurance on horses, mules, cattle, and all descriptions of live stock. This organization was on the stock plan, that is, the subscribers of stock alone were members, and in case of loss were liable to the extent of their stock, if necessary, to pay that loss. The appellant, Weir, was a member of the corporation, having taken stock to the amount of $3,000, and upon which he had paid three hundred dollars. After this subscription of stock by the appellant, and the payment of the money, he offered to lose the amount paid and surrender his stock; and upon the refusal by the company to accept his proposal, he seems, of his own accord and without the sanction of the corporation, to have disclaimed any further connection with it.

In January, 1867, an amendment was obtained to this charter, by the consent of a majority of the directors and stockholders, by which this company was not only authorized to insure live stock, but to make insurance against all losses by fire, and all kinds of property, and to take such risks as is usual for fire and marine insurance

companies, and was also permitted to take risks upon the mutual plan, etc.   This amendatory act was obtained some months after the appellant became a member of the company.   The amendment also changed the name of the corporation, and it was afterwards known as the American Insurance Company.   The corporation proceeded to transact business, under this amendment to its charter, for several months, when it suspended operation by reason of losses sustained; and the present suit was instituted by the appellee, who was one of the insured against the company, and the stockholders, to recover upon his policy by reason of loss sustained by him, resulting in the presentation of many claims by creditors, and a settlement of the affairs of the company, and the liability of the several stockholders ascertained.

Weir, the appellant, was held liable as a stockholder, and required to contribute towards paying the creditors of the corporation for the losses sustained by them.   The amendment of the charter changed the object of the company from its original purpose, by engaging in an enterprise and assessing liabilities never contemplated by the stockholders at the time the corporate agreement was entered into by him.   They then had the power to insure live stock only, and when this power was enlarged by giving the company the right to insure against loss by fire or the destruction of property in any other way, it was not only a change in the enterprise first contemplated, but the responsibility of the members of the company were greatly enlarged.   Such an essential alteration in the business of the company could not be made by a majority of the stockholders or directors so as to bind those whose consent to this change had not been obtained.   It is not shown that the appellant ever consented to this essential alteration in the business of the corporation, or that he was ever present at any meeting of the stockholders afterwards, or in any manner whatever gave his assent thereto.   Notice may have been mailed to him, directed to the place of his residence, of the intention to hold a meeting for the purpose of effecting this radical change in the corporation; but his failure to answer these letters is not deemed sufficient evidence to bind him to the performance of a contract to which he never consented.   There is no evidence that he ever obtained any notice whatever of the proposed change, except in the mode already alluded to, or that his assent, express or implied, was ever obtained to this action on the part of the directory;

but on the contrary he was disclaiming all the time that he was ever a member of the old company and refusing to pay the calls made upon him by either. He is not responsible for any liabilities assumed by the company, after the act of January, 1867, by which the charter was amended.

In the case of Fry's Ex'r v. Lexington and Big Sandy Railroad Company 2 Met. 314, the question arising in the present case was settled by this court, and the principle established "That an amendment, materially and fundamentally changing the responsibilities and duties of the company, may be resisted by the stockholders. He can not be deprived of his rights or privileges without his consent. Sage et al. v. Dillard et al., 15 B. Mon. 340.

The right reserved by the law-making power to amend or repeal the charter, is for the protection of the interests of the state, enabling the legislature to place such restrictions upon the company as to prevent an injury to the public, and if necessary to repeal the act itself; but when new franchises are created by an amendment, and additional and increased obligations created, it is a virtual dissolution of the original contract, so far as it affects those who are not consenting and who have never ratified it. An amendment enacted by way of aiding the object contemplated by the original charter does not affect the liability of the stockholders, and such power may be legitimately exercised.

As to the claims of the creditors in this action, accruing prior to the amendment in January, 1867, or its adoption by the directory, the appellant must contribute with other stockholders in this payment, each one contributing in proportion to the amount of stock, and to be credited by the amounts previously paid. The proof in this case fails to show where the liabilities of the creditors whose claims are allowed, were created, and in part, some of the claims are not sustained by such evidence as to authorize a judgment. It is unnecessary, however, to specify these claims, as the case must necessarily go back to the commissioner for the purpose of ascertaining when each of the claims originated, and must result in taking proof in regard to all of them. A judgment against the American Insurance Company is no evidence of a liability by the American Horse Insurance Company, and so with the other claims presented. For the reasons indicated the judgment of the court below is re-

versed and cause remanded for further proceedings consistent with this opinion.

*Bullitt, Bullitt & Harrison,* for appellant.

*Barr & Goodloe, Humphrey, J. H. Ward,* for appellees.